IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PRIM LIMITED LIABILITY COMPANY; PRIM LTD.; and FUN FACTORY, INC., | ) ) ) ) | CIVIL NO. 10-00617 SOM-KSC |
| Plaintiff, | ) ) ) | ORDER GRANTING PLAINTIFFS PRIM LLC AND PRIM LTD.'S MOTION TO DISMISS COUNTS IV AND V OF PACE-O-MATIC, INC.'S AMENDED COUNTERCLAIM |
| vs. | ) ) | |
| PACE-O-MATIC, INC., | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

ORDER GRANTING PLAINTIFFS
PRIM LLC AND PRIM LTD.'S MOTION TO DISMISS
COUNTS IV AND V OF PACE-O-MATIC, INC.'S AMENDED COUNTERCLAIM

I.      INTRODUCTION.

        This case concerns an exclusive distribution agreement between the manufacturer and a distributor of the electronic game Island Fruit.  Plaintiffs PRIM LLC and PRIM LTD (collectively, "Prim"), a distributor of Island Fruit in Hawaii and the Pacific Rim, and FUN FACTORY, an amusement center company that owns and operates Island Fruit in Hawaii, allege that Defendant PACE-O-MATIC ("Pace") violated the distribution agreement and tortiously interfered with Prim's reasonable expectation of business.  See Second Amended Compl. ¶ 3, Aug. 30, 2011, ECF No. 79.  Pace has counterclaimed against Prim, asserting, inter alia, breach of contract, fraud, and misrepresentation claims.  See Def./Counterclaimant Pace-O-Matic, Inc.'s Amended Counterclaim Against Pls./Counterclaim Defendants Prim Limited Liability

Company and Prim Ltd. at 11, Sept. 09, 2011, ECF No. 83-1 ("Amended Counterclaim").

Prim now seeks dismissal of two counts asserted in the Amended Counterclaim--Count IV: "Intentional and Negligent Misrepresentation" and Count V: "Fraud, Fraudulent Concealment, and Deceit"--on the ground that they do not meet the heightened pleading standard for fraud set forth by Rule 9(b) of the Federal Rules of Civil Procedure.   Although Prim acknowledges that negligent misrepresentation is not subject to Rule 9(b), Prim also seeks dismissal of that claim.   The court construes that request as seeking dismissal for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.   The court grants Prim's motion.

II.      FACTUAL BACKGROUND.

Pace designs, manufacturers, and sells various electronic games, including Island Fruit.   Second Amended Compl. ¶ 1.   Prim is a distributor of electronic games in Hawaii and the Pacific Rim.   Id. ¶ 16.   On November 7, 2008, Prim and Pace entered into a distribution agreement naming Prim the exclusive distributor of Pace games and game "fills"--codes that enable continuous operation of the games--in Hawaii and the Pacific Rim ("Agreement").   Id. ¶ 19; Amended Counterclaim ¶ 7.   The Agreement stated that Prim would "exercise its best efforts" to develop markets for Pace's games; that Pace would sell games and

2

fills to Prim; and that Pace would not authorize any other entity to sell its games in the designated territory for two years from the date of the Agreement, so long as Prim purchased reasonable amounts of games and fills and continued its best efforts to distribute the games.  Amended Counterclaim ¶ 7.

On October, 22, 2010, Plaintiffs filed this action, claiming, among other things, that Pace had terminated the exclusivity provision of Prim's distributorship and barred Prim from obtaining fills, thereby violating the Agreement and tortiously interfering with Prim's reasonable expectation of business from its customers.  Second Amended Compl. ¶ 3.  On November 10, 2010, Pace asserted three counterclaims against Prim:  breach of contract, unfair competition, and violations of the Sherman Act, 15 U.S.C § 1 et seq.  On August 30, 2011, Plaintiffs filed their Second Amended Complaint.  On September 12, 2011, Pace filed the Amended Counterclaim, which added Count IV--"Intentional and Negligent Misrepresentation" and Count V--"Fraud, Fraudulent Concealment, and Deceit."

The Amended Counterclaim alleges that Prim has violated the Agreement by failing to purchase a reasonable amount of games and fills, by failing to use its best efforts to distribute the games, and by failing to exercise its best efforts to develop markets for the games.  Id. ¶ 8.  It further alleges that Prim has limited most of its sales to Fun Factory, which is allegedly

controlled by the same individuals that control Prim.  Id. ¶ 9.
Excluding fills sold to a pre-existing Pace customer, Nickels and
Dimes, Prim has allegedly sold seven million fills, which, Pace
contends, is a low amount.  Id. ¶ 10.  Prim has purchased forty-
three games for Hawaii, sixty games for Guam, and nine games for
Nickels and Dimes.  Id.  Pace says that, in other markets, it
usually requires distributors to purchase approximately 100 to
200 games per state each month.  Id. ¶ 11.

          Pace alleges that Prim has "hindered the sale of games
and fills to other businesses in Hawaii" by quoting higher prices
than are reasonable and/or making unreasonable demands of
prospective purchasers.  Id. ¶ 13.  Pace says that witnesses have
reported that Prim refused to sell potential purchasers Pace
games unless the purchasers provided Prim with additional
compensation.  Id.  Pace states that Prim "intentionally
restricted sales in Hawaii to protect or enhance Hawaii
operations (controlled by Prim or its affiliates, i.e[.] Fun
Factory, Inc.) from competition."  Id.

          According to the Amended Counterclaim, on October 15,
2010, Pace notified Prim that its account would be cancelled if
Pace did not receive past-due payments from Prim by October 18,
2010.  Id. ¶ 15.  On October 18, 2010, Pace allegedly terminated
the exclusive nature of Prim's distributorship, while allowing
Prim to continue to distribute games and fills.  Id. ¶ 16.  At

4

one point, Pace terminated Prim's access to obtain fills, id.,
but later reinstated access.  Id. ¶ 20.  Pace ultimately
terminated the Agreement on or about March 2, 2011, citing
concern about whether operating Island Fruit was legal in Hawaii.
Id. ¶ 25.  The question of legality had been raised by the court
in temporary restraining order proceedings on October 26, 2010.
See ECF No. 4.  The specific issue was whether Island Fruit was a
gambling machine that was illegal under Hawaii law, and whether
that rendered the Agreement unenforceable.  ECF No. 22.  Pace
alleges that Prim had "previously" assured Pace that operating
Island Fruit was legal in Hawaii.  Amended Counterclaim ¶ 23.

        The motion now before this court seeks dismissal of the
two new counts (misrepresentation and fraud) in the Amended
Counterclaim.

III.    LEGAL STANDARDS.

        A.    Rule 9(b).

        Usually, a party's pleading need only contain "a short
and plain statement of the claim showing that the pleader is
entitled to relief."  Fed. R. Civ. P. 8(a)(2).  However, Rule
9(b) requires that, when fraud or mistake is alleged, "a party
must state with particularity the circumstances constituting
fraud or mistake.  Malice, intent, knowledge, and other
conditions of a person's mind may be alleged generally."  Fed. R.
Civ. P. 9(b).  Rule 9(b)'s purposes are to provide defendants

with adequate notice to allow them to defend against a charge, to protect those whose reputation would be harmed as a result of being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties, and society social and economic costs without some factual basis.  Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009).

An allegation of fraud is sufficient if it "identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993) (internal citations and quotations omitted).  "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." Kearns, 567 F.3d at 1124 (quoting Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)) (internal quotation marks omitted).  That is, to sufficiently identify the circumstances that constitute fraud, a plaintiff must identify such facts as the times, dates, places, or other details of the alleged fraudulent activity.  Neubronner, 6 F.3d at 672.  A plaintiff must also explain why the alleged conduct or statements are fraudulent.  In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 n.7 (9th Cir. 1994) (en banc), superseded by statute on other grounds by 15 U.S.C. § 78u-4.

A court treats a motion to dismiss under Rule 9(b) like a motion to dismiss under Rule 12(b)(6):

6

> A motion to dismiss a complaint or claim "grounded in fraud" under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim.  If insufficiently pled averments of fraud are disregarded, as they must be, in a complaint or claim grounded in fraud, there is effectively nothing left of the complaint. In that event, a motion to dismiss under Rule 12(b)(6) would obviously be granted.  Because a dismissal of a complaint or claim grounded in fraud for failure to comply with Rule 9(b) has the same consequence as a dismissal under Rule 12(b)(6), dismissals under the two rules are treated in the same manner.

Vess, 317 F.3d at 1107.

When a court exercises diversity jurisdiction, state substantive law determines the elements of the claims.  "[W]hile a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the circumstances of the fraud must be stated with particularity is a federally imposed rule."  Kearns, 567 F.3d at 1125 (internal citations and quotations omitted).

> B.   Rule 12(b)(6).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides: "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defense[] by motion: . . . (6) failure to state a claim upon which relief can be granted[.]"

Dismissal under Rule 12(b)(6) may be based on either (1) the lack of a cognizable legal theory, or (2) insufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)).  To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

On a Rule 12(b)(6) motion to dismiss, the court takes all allegations of material fact as true and construes them in the light most favorable to the nonmoving party.  Marcus v. Holder, 574 F.3d 1182, 1184 (9th Cir. 2009).  To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (citing Twombly, 550 U.S. at 554).  Whether a complaint

8

states a plausible claim for relief is "context-specific," and such a determination "requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

IV.    ANALYSIS.

A.   Count IV.

Count IV bears the title "Intentional and Negligent Misrepresentation."  It consists of only three paragraphs:

> 40.  PACE incorporates by reference and realleges as if set forth fully herein, the allegations in paragraphs 1 through 39 above.

> 41.  PRIM, with scienter and intent to induce reliance, misrepresented to PACE that the operation of the Island Fruit games in Hawaii was legal and/or that PRIM would operate the Island Fruit games in Hawaii in a manner that was legal.

> 42.  As a result of PRIM's misrepresentation, PACE has suffered and continues to suffer damages in an amount to be proven at trial.

Amended Counterclaim ¶¶ 40-42.

1.   Intentional Misrepresentation.

The Hawaii Supreme Court has referred to intentional misrepresentation as interchangeable with fraudulent misrepresentation.  See Ass'n of Apartment Owners of Newtown Meadows ex rel. its Bd. of Dirs. v. Venture 15, Inc., 115 Haw. 232, 263, 167 P.3d 225, 256 (Haw. 2007) ("Ass'n of Apartment Owners") ("This court has set forth the following elements constituting intentional or fraudulent misrepresentation").  To

succeed on a fraudulent misrepresentation claim, a plaintiff must show that "(1) false representations were made by defendants; (2) with knowledge of their falsity (or without knowledge of their truth or falsity); (3) in contemplation of plaintiff's reliance upon these false representations; and (4) plaintiff did rely upon them." Id. (quoting Shoppe v. Gucci Am., Inc., 94 Haw. 368, 386, 14 P.3d 1049, 1067 (Haw. 2000)). Fraudulent misrepresentation claims are subject to the heightened pleading requirements under Rule 9(b). See, e.g., Radford v. Wells Fargo Bank, Civil No. 10-00767 SOM-KSC, 2011 WL 1833020, (D. Haw. May 13, 2011) (applying Rule 9(b) to a plaintiff's fraudulent misrepresentation claim).

       Count IV appears to assert that there were two false representations by Prim: (1) the representation that operating Island Fruit was legal in Hawaii, and (2) the representation that Prim would operate Island Fruit in a manner that was legal in Hawaii. However, Count IV does not include any other facts about the alleged misrepresentations, such as who made them, or where, when, and how they were made. The bare allegations do not meet Rule 9(b)'s heightened pleading standard.

       Even assuming Count IV could be said to allege sufficient facts, Count IV includes nothing as to what made Prim's representations false. "To allege fraud with particularity, a plaintiff must set forth more than the neutral

10

facts necessary to identify the transaction.  The plaintiff must

set forth what is false or misleading about a statement, and why

it is false." In re GlenFed, 42 F.3d at 1547-48; see also

Cafasso, U.S. ex Rel. v. General Dynamics C4 Systems Inc., 63

F.3d 1047, 1055 (9th Cir. 2011) ("To satisfy Rule 9(b), a

pleading must identify . . . what is false or misleading about

the purportedly fraudulent statement, and why it is false.")

(quoting Ebeid ex rel. United States v. Lunqwitz, 616 F.3d 993,

998 (9th Cir. 2010)).  "[T]he statement in question must be false

to be fraudulent," and a claimant must set forth "circumstances

indicating falseness." Id.

        With respect to Prim's first alleged misrepresentation

(that Island Fruit is legal in Hawaii), Pace does not allege that

Island Fruit is indeed illegal in Hawaii.  Pressed by the court

at the hearing on this motion, Pace steadfastly declined to take

the position that Island Fruit is illegal.

        With respect to Prim's second alleged misrepresentation

(that it would operate Island Fruit legally), Pace, raising a

matter not alleged in the Amended Counterclaim, maintained at the

hearing that the way in which Prim operated Island Fruit was in

fact illegal.  Pace, however, could not explain exactly how

Prim's operation of Island Fruit was illegal and how Prim's

operation of Island Fruit differed from what Prim had allegedly

represented to Pace as to the manner in which it would operate the game.

Without explaining how Prim's alleged representations were false, Pace does not allege intentional misrepresentation in compliance with Rule 9(b).

Pace argues that the court should read Count IV as incorporating by reference all of the preceding paragraphs in the Amended Counterclaim.  Pointing to paragraph 40's incorporation reference, Pace contends that the Amended Counterclaim as a whole contains factual allegations sufficient to satisfy Rule 9(b).

The court questions whether Pace may rely on facts alleged in paragraphs preceding Count IV, as opposed to being limited to the specific facts alleged in Count IV itself.  Prim takes the position that such "shotgun" or "puzzle pleadings" do not satisfy Rule 9(b).  "Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense."  Wagner v. First Horizon Pharmaceutical, Corp., 464 F.3d 1273, 1279 (11th Cir. 2006).  "[P]uzzle pleadings are those that require the defendant and the court to match the statements up with the reasons they are false or misleading."  In re Metropolitan Securities Litigation, 532 F. Supp. 2d 1260, 1279 (E.D. Wash. 2007) (citations omitted).

Some courts have held that fraud claims fail to satisfy Rule 9(b)'s heightened pleading requirement when they rely on shotgun or puzzle pleadings.  See Wagner, 464 F.3d at 1280 (holding that a complaint failed to satisfy Rule 9(b) because the facts in the first 175 paragraphs of the complaint were not connected to the otherwise generally pled claim, and sua sponte ordering repleading under Rule 12(e)[1] rather than dismissal); In re Metropolitan Securities Litigation, 532 F. Supp. 2d at 1279 (stating, "A complaint is deficient for the purposes of Rule 9(b) when it relies on 'shotgun' or 'puzzle' pleading," and holding that the shotgun and puzzle pleading in issue did not comply with Rule 9(b)); In re Autodesk, Inc. Securities Litigation, 132 F. Supp. 2d 833, 842 (N.D. Cal. 2000) (dismissing a fraud claim in part because the court was unwilling to search through the fifty-one page complaint to determine exactly what the alleged

--------

[1]   Rule 12(e) of the Federal Rules of Civil Procedure pertains to motions for a more definite statement:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

misleading statements were and to match them with the reasons they were false or misleading).

This court, however, is unaware of any controlling authority on this point.  Although in In re GlenFed the Ninth Circuit stated that a "complaint is not a puzzle," and that it was "loathe to allow plaintiffs to tax defendants, against whom they have levelled very serious charges, with the burden of solving puzzles in addition to the burden of formulating an answer to their complaint," the Ninth Circuit held that the complaint in issue satisfied the requirements of Rule 9(b) even though the organization of the complaint made the nature of the fraud "difficult to divine," and the plaintiff's counsel argued that each paragraph was a "piece of [a] puzzle." 42 F.3d at 1554.

This court need not resolve the issue of whether puzzle or shotgun pleadings satisfy Rule 9(b) because, even assuming that such pleadings are permissible, Count IV does not satisfy Rule 9(b)'s heightened pleading standard.

Thus, for example, Pace points to paragraph 23 as supporting Count IV, even though paragraph 23 appears before Count IV.  Paragraph 23 alleges:

> 23.  Previously, PRIM assured PACE that operation of the Island Fruit game was legal in Hawaii.  Michael Pace (owner of PACE) and Linda Fernandez discussed whether to obtain a legal opinion from a Hawaii attorney, but Ms. Fernandez said not to do so.  Ms. Fernandez also told Mr. Pace that she had reached an understanding with law enforcement that the

14

> games would be allowed so long as the Max
> Play Cost was $1 or less.

Amended Counterclaim ¶ 23.  In relying on paragraph 23, Pace appears to be basing its intentional misrepresentation claim on statements made by Linda Fernandez, who is allegedly a Prim officer.

The first problem with Pace's reliance on paragraph 23 is that parts of it concern representations as to what the law provides, not as to facts.  An actionable false representation is usually based on a representation of fact.  See Shoppe, 94 Haw. at 385, 14 P.3d at 1067 ("Where misrepresentations are made to form the basis of relief, they must be shown to have been made with respect to a material fact which was actually false and not the occurrence of a future event." (quoting Stahl v. Balsara, 60 Haw. 144, 148, 587 P.2d 1210, 1214 (Haw. 1978))).  The law is not a fact.  While an intentional misrepresentation of law by a lawyer might suffice, it is not clear that reliance on a layperson's statement of law is reasonable.  There is no allegation that Fernandez, a layperson, had special knowledge of the law or that she kept (or could have kept) the true state of the law from Pace.  Nor does paragraph 23 indicate that Fernandez knew the alleged statement was false.

In addition, paragraph 23 is unclear as to exactly what Pace contends was a false representation.  Did Fernandez make a false representation by assuring Pace that the operation of

Island Fruit was legal in Hawaii, or by telling Pace that she had reached an understanding with law enforcement?  Her alleged direction to Pace not to seek legal advice was not a representation of either fact or law.  If Prim cannot determine which representation Pace alleges was false, it cannot adequately defend against such a charge.

If Pace is asserting that Prim misrepresented that it would operate Pace's games in Hawaii in a manner that was legal, it is unclear who made the representation.  Pace does not say that Fernandez said this.  Paragraph 23 states instead that Fernandez "reached an agreement" with law enforcement to allow the game.  That allegation might be read to imply that Fernandez reached an agreement with law enforcement to "allow" the game even if it was illegal.  Finally, paragraph 23 does not specify when Fernandez's statements were made, how they were made, and how they were false.  Identifying no allegations that satisfy Rule 9(b), the court concludes that Pace's intentional misrepresentation claim is insufficiently pled.

### 2.   Negligent Misrepresentation.

A claim asserting negligent misrepresentation is not subject to the requirements of Rule 9(b).  See Smallwood v. NCsoft Corp., 730 F. Supp. 2d 1213, 1231-32 (D. Haw. 2010) (holding that, because a negligent misrepresentation claim does not require intent, it is not subject to Rule 9(b)) (citations

omitted); <u>Peace Software, Inc., v, Hawaiian Electric Company, Inc.</u>, Civ. No. 09-00408 SOM/LEK, 2009 WL 3923350, at *6-7 (D. Haw. Nov. 17, 2009) (declining to apply Rule 9(b)'s heightened pleading standard to negligent misrepresentation because the defendant did not establish that negligent misrepresentation requires intent).  Negligent misrepresentation is, however, subject to Rule 8, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. Rule 8(a)(2).  The court construes Prim's motion to dismiss Pace's negligent misrepresentation claim as brought under Rule 12(b)(6) and as claiming a failure to satisfy Rule 8.

Even under Rule 8's more liberal pleading standard, Pace's claim is not sufficiently pled.  The elements of a negligent misrepresentation claim are that "(1) false information be supplied as a result of the failure to exercise reasonable care or competence in communicating the information; (2) the person for whose benefit the information is supplied suffered the loss; and (3) the recipient relies upon the misrepresentation." <u>Ass'n of Apartment Owners</u>, 115 Haw. at 263, 167 P.3d at 256, (quoting <u>Blair v. Ing</u>, 95 Haw. 247, 269, 21 P.3d 452, 474 (Haw. 2001)).

Although the title of Count IV refers to "Negligent Misrepresentation," the text of Count IV itself states neither the elements of a negligent misrepresentation claim nor facts

17

relevant to reasonable care, competent communication, or reliance.  To the contrary, Count IV alleges that Pace acted with scienter and intent.  It is the absence of scienter and intent that separates negligent misrepresentation from intentional misrepresentation.  Pace does not plead negligent misrepresentation at all and so does not satisfy Rule 8 with respect to such a claim.

Given the failure to satisfy Rule 9(b) and Rule 8, Count IV is DISMISSED in its entirety.

B.   Count V.

Count V bears the title "Fraud, Fraudulent Concealment and Deceit."  Its allegations are contained in two paragraphs:

43.   PACE incorporates by reference and realleges as if set forth fully herein, the allegations contained in paragraphs 1 through 42 above.

44.   By engaging in the conduct set forth above, PRIM has committed fraud, both actual fraud and constructive fraud, and have acted with deceit as well as through fraudulent concealment.  As a proximate result of each fraud, deceit, and fraudulent concealment, PACE suffered and continues to suffer damages in amount to be proven at trial.

Amended Counterclaim ¶¶ 43-44.

Fraud and fraudulent misrepresentation share the same elements.  Compare Fisher v. Grove Farm Co., 123 Haw. 82, 103, 230 P.3d 382, 403 (Haw. Ct. App. 2009) (stating the elements of a fraud claim) with Ass'n of Apartment Owners, 115 Haw. at 263, 167 P.3d at 256 (stating the elements of a

fraudulent misrepresentation claim).  Like fraudulent misrepresentation, the elements of fraud are "1) false representations made by the defendant, 2) with knowledge of their falsity (or without knowledge of their truth or falsity), 3) in contemplation of plaintiff's reliance upon them, and 4) plaintiff's detrimental reliance." Fisher, 123 Haw. at 103, 230 P.3d at 403.

Count V refers only to "the conduct set forth above" and does not point to any representation that was allegedly fraudulent.  It fails to allege when, by whom, or where the representations in issue were made.  It does not provide any explanation as to why Pace considers Prim's representations false.  Count V is not pled with the particularity required by Rule 9(b).

Pace again contends that, by incorporating all the preceding allegations, Count V satisfies Rule 9(b).  As discussed above, the court is reluctant to allow Pace to meet its pleading requirements with shotgun or puzzle pleadings.  But, even assuming that Pace may rely on a puzzle pleading, Pace does not plead fraud with sufficient particularity.

Pace argues that paragraphs 7, 8, 9, 13, and 21 factually support Count V.  Paragraphs 7 through 9 explain the Agreement between Prim and Pace and allege that Prim has not fulfilled its obligations under the Agreement.  Amended

Counterclaim ¶¶ 7-9.  Paragraph 13 alleges that Prim improperly

hindered the sale of Pace games in Hawaii.  Paragraph 21 alleges

that, in its opposition to Prim's motion for a temporary

restraining order, Pace reiterated that Prim was in breach of the

Agreement by, <u>inter alia</u>, intentionally restricting Pace sales in

Hawaii to protect its Hawaii operations, including Fun Factory,

from competition.

Nowhere in paragraphs 7, 8, 9, 13, or 21 does Pace

allege that Prim made any false representation.  Nor does Pace

allege facts going to any of the three other elements of fraud.

In its opposition to the present motion, Pace contends that Prim

made a false representation when it agreed to use its best

efforts to distribute and market games in Hawaii.  It argues that

this representation was false because Prim actually intended to

hinder sales, although paragraph 13 alleges the improper

hindering of sales without asserting intent.  However, without

the explanation that Pace provides in its opposition, there is no

way to determine from the Amended Counterclaim what false

representation Pace is complaining about.  The Amended Complaint

does not enable Prim to answer the vague fraud claim lodged

against it.[2]

---

[2]  Pace argues that Counts IV and V sufficiently provide
Prim with notice of its alleged misconduct because Pace's prior
filings put Prim on notice.  Pace provides no authority
supporting its position that previous filings relating to motions
can supplement a claim and make it specific enough to give

Moreover, Prim's contractual promises cannot form the basis of a fraud claim. "To be actionable, the alleged false representation must relate to a past or existing material fact and not the occurrence of a future event." Shoppe, 94 Haw. at 386, 14 P.3d at 1067 (quoting Stahl, 60 Haw. at 149, 587 P.3d at 1214). "[F]raud cannot be predicated on statements which are promissory in their nature, or constitute expressions of intention, and an actionable representation cannot consist of mere broken promises, unfulfilled predictions or expectations, or erroneous conjectures as to future events." Id. (quoting Stahl, 60 Haw. at 149, 587 F.3d at 1214). Pace thus fails to plead fraud with the particularity required by Rule 9(b), and Count V is DISMISSED.

V.      CONCLUSION.

The court dismisses Count IV and Count V of the Amended Counterclaim without prejudice. Although Pace requests leave to amend Counts IV and V, the court declines to give leave here. Under Magistrate Judge Kevin Chang's Rule 16 scheduling order, the deadline for moving to amend pleadings has passed. Second

---

defendants notice of their alleged misconduct. See Vess, 317 F.3d at 1105 ("Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." (citations omitted)). Moreover, the documents it refers to do not include any additional factual allegations and provide no more notice than the Amended Counterclaim.

Amended Rule 16 Scheduling Order at 2, Jan. 10, 2012, ECF No. 120.  Pace may move to amend its Counterclaim only if Magistrate Judge Chang extends that deadline.  This court expresses no opinion as to whether the deadline should be extended.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 30, 2012.



  /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge


Prim Limited Liability Co. v. Pace-O-Matic; Civil No. 10-00617 SOM-KSC; ORDER GRANTING PLAINTIFFS PRIM LLC AND PRIM LTD.'S MOTION TO DISMISS COUNTS IV AND V OF PACE-O-MATIC, INC.'S AMENDED COUNTERCLAIM